■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD MARTIN, Appellant.—Judgment of the Supreme Court, Bronx County, entered May 27, 1976, convicting defendant on his plea of guilty of the crime of sexual abuse in the first degree, unanimously reversed, on the law, the plea vacated and the case remanded for further proceedings. A person commits the crime of sexual abuse in the first degree when he subjects another person to sexual contact by "forcible compulsion" (Penal Law, § 130.65, subd 1). "Forcible compulsion" is defined as physical force that overcomes earnest resistance; "or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person" (Penal Law, § 130.00, subd 8). In the plea colloquy, defendant made no statement which could be construed as an admission that he

forced or threatened complainant. When asked, "Did you force him to do that?", defendant answered, "Not really." Even the District Attorney's account of the occurrence as presented at the plea failed to allege forcible compulsion. Hence, a required element of the crime is lacking and the judgment should be reversed. We do not agree with the District Attorney that the plea may be sustained under the rule of *North Carolina v Alford* (400 US 25). Although "a plea accompanied by a refusal to admit commission of a criminal act may be accepted 'when * * * a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt' " *(People v Friedman,* 39 NY2d 463, 466), evidence of actual guilt does not appear in this record. Defendant's statement at plea merely indicated that others were also present during the occurrence. It may be inferred that they were there because they performed or were about to perform sexual acts with complainant. But on this record, the conclusion is unwarranted that the others used physical force or threats upon complainant, or that defendant knew of such physical force or threats and took advantage of that fact. Accordingly, the instant plea may not be deemed an *Alford* plea. Concur—Birns, J. P., Sandler, Sullivan, Lane and Markewich, JJ.